UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20887-CIV-WILLIAMS/MCALILEY

FRANCISCO PASTOR CHAVIANO
GONZALEZ,

    Plaintiff,

vs.

WILLIAM JEFFERSON CLINTON and
BARACK HUSSEIN OBAMA, II,

    Defendants.
_____/

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DENYING MOTION FOR REFERRAL, AND
REPORT AND RECOMMENDATION OF DISMISSAL**

Plaintiff, Francisco Pastor Chaviano Gonzalez, filed an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) and a Motion for Referral to Volunteer Attorney Program (ECF No. 7), which the Honorable Kathleen M. Williams referred to me. (ECF No. 4). I reviewed Plaintiff's Application and find that he meets the financial requirements to proceed *in forma pauperis*. I therefore **GRANT** his Application (ECF No. 3), pursuant to 28 U.S.C. § 1915(a).

I have also carefully reviewed Plaintiff's Complaint, which he filed at the same time as his Application, and I find that it does not state a claim for relief and is frivolous. I therefore **RECOMMEND** that the Court dismiss the Complaint, and, for the reasons

explained below, that it do so **with prejudice**. In light of this recommendation, the Court **DENIES** Plaintiff's Motion for Referral to Volunteer Attorney Program (ECF No. 7).

Section 1915(e)(2) requires the Court to dismiss an action brought *in forma pauperis* at any time if it determines that it is frivolous or fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

A lawsuit is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citations omitted). A court may reach this conclusion when it finds that either (1) the complaint's factual allegations are "clearly baseless" or (2) its legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Factual allegations are "clearly baseless" when they are "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Id.* at 325, 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The standard that governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8 requires that to state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ...." Fed. R. Civ. P. 8(a)(1), (2), (3). To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Plaintiff sues former Presidents Bill Clinton and Barack Obama in their official capacities. (ECF No. 1 at 2). He attempts to assert a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a cause of action for damages against federal officials for violation of an individual's constitutional rights. *See Smith ex rel. Smith v. Siegelman*, 322 F.3d 1290, 1297 n.15 (11th Cir. 2003). A *Bivens* action is the counterpart to a claim under 42 U.S.C. § 1983, which provides a cause of action against state and local officials. *Id.* Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

The Complaint alleges that the former Presidents violated five provisions of the United States Constitution: (1) Article III, Section 3 (treason); (2) the Privileges and Immunities Clause of Article IV, Section 2; (3) the Fourth Amendment; (4) the Due Process Clause of the Fifth Amendment and (5) Section 1 of the Fourteenth Amendment. (ECF No. 1 at 4).

The Complaint's factual allegations are lengthy, disjointed, and difficult to comprehend. The Complaint also does not specifically identify where or when the alleged acts occurred. The Court's best attempt to summarize the allegations is as follows. Plaintiff was a human rights activist in Cuba from 1988-1995, and he opposed Fidel Castro. Former

3

Presidents Clinton and Obama conspired with Castro to punish Plaintiff and others for actions they took against the Castro regime. The former Presidents, through the FBI, "cut[] off [Plaintiff's] economic aid," stole documents from Plaintiff through the Internet and by entry into his home, and instructed others to spread false information about Plaintiff and his fellow activists. Former President Clinton, among other things, "handed" Plaintiff over to Castro, and Plaintiff was imprisoned (somewhere) for fifteen years. Former President Obama, through an agreement with Castro, "facilitated the assassination of several opponents [of Cuba]" and "sanctioned" Plaintiff. *See generally* (ECF No. 1 at 5-8).

The Complaint alleges that since Plaintiff's arrival in the United States (apparently in June 2012), "they have been attacking [him and others] everywhere: ... they do not let you progress, they prevent any promotion, they create problems for you with as many companies and banks as possible to make you unstable". As a result, Plaintiff had "to go back to family charity." The Complaint also alleges "they were giving [Plaintiff] a heart attack through a breathing apparatus [and] a murder in the garb of natural death". (*Id.* at 7).

In his Complaint, Plaintiff "demand[s] that the Clinton-Castro negotiation be declared a crime against humanity and the punitive actions taken on US soil as an illegal, extra-penal abuse and compensation according to the severity of the damage, to those affected by this aforementioned group and their families. Likewise, declare the Obama-Castro agreements as a spurious act and illegal extrajudicial punishment against Cuban human rights activists and opponents and compensate those harmed ...." (*Id.* at 8). Plaintiff's request for relief states: "To begin with, put an end to the Obama-Castro, declare

null and void any agreement that has been reached. Then restore to life as much as possible all those affected. Other compensation I leave in your hands." (*Id.* at 10).

The Court cannot ascertain the bases for Plaintiff's *Bivens* claim. The factual allegations are not comprehensible and lack any cognizable legal theory. The Complaint therefore does not state a claim for relief, and I find it is frivolous.

Courts generally must provide a *pro se* plaintiff one opportunity to amend the complaint before it dismisses the action with prejudice. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (citation omitted). Courts need not provide leave to amend if amendment would be "futile". *Id.* at 1133. Amendment is futile "if a more carefully drafted complaint could not state a claim." *Id.* (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).

Here, the Court should dismiss the Complaint with prejudice because amendment would be futile. First, Plaintiff's allegations are not credible or rational. The Court may dismiss the Complaint with prejudice on this basis. *See Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013) (affirming the district court's dismissal with prejudice because the complaint's factual allegations against high-level government officials, including former President Obama, were clearly baseless); *Diaz v. Arriola*, No. 19-23355-CIV, 2019 WL 11505326, at *2 (S.D. Fla. Aug. 27, 2019), *report and recommendation adopted*, 2019 WL 11505314, at *1 (S.D. Fla. Sept. 16, 2019) (dismissing complaint with prejudice as frivolous, without leave to amend).

Second, Plaintiff sues Defendants for actions they took in their official capacities as United States Presidents. *See* (ECF No. 1 at 2) (Plaintiff marked "x" next to "Official

5

capacity" and left the space next to "Individual capacity" blank). Former Presidents are "entitled to absolute immunity from damages liability predicated on [their] official acts." *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). Amendment of Plaintiff's claims against the former Presidents in their official capacities would therefore still result in dismissal. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed ...." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citation omitted).

For those reasons, I **RESPECTFULLY RECOMMEND** that the Court dismiss this action with prejudice.[1]

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

---

[1] The statute of limitations may also bar Plaintiff's claims. "The statute of limitations for filing a *Bivens* action in a federal district court sitting in Florida is four years." *Rager v. Augustine*, 760 F. App'x 947, 950 (11th Cir. 2019) (citations omitted).

RESPECTFULLY RECOMMENDED in Miami, Florida, this 7th day of December 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
Francisco Pastor Chaviano Gonzalez, *pro se*